Samuel G. Brooks, Bar No. 272107
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100
sbrooks@calljensen.com

Attorneys for Plaintiff Fashionphile Group, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASHIONPHILE GROUP, LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>MADISON AVENUE COUTURE, INC. a New York corporation, and JASON SEABRA, an individual,<br><br>    Defendants. | Case No.  2:23-CV-1937<br><br>**COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT**<br><br><br>Complaint Filed:   None Set<br>Trial Date:           None Set |

Plaintiff Fashionphile Group, LLC ("Fashionphile") alleges as follows:

**Nature of Case**

1. Fashionphile brings this action in interpleader to obtain a discharge of liability with respect to conflicting claims for a high value luxury item—namely, a Hermés "Birkin" bag valued in excess of $75,000. Fashionphile also seeks an order determining the ownership of $2,900 in Fashionphile's possession that are owed to Defendant Jason Seabra ("Seabra") pursuant to certain contracts, but which Fashionphile is informed and believes Defendant Madison Avenue Couture, Inc. ("MAC") may claim should be paid to it.

2. Fashionphile also seeks a declaratory judgment that it has no obligation to deliver to MAC other items purchased from Seabra, or to pay MAC the value of those items.

**Parties and Jurisdiction**

3. Plaintiff Fashionphile Group LLC is a Delaware limited liability company. None of Fashionphile's members are citizens of New York or New Jersey.

4. Defendant Madison Avenue Couture Inc. is a New York corporation with its principal place of business in New York. MAC is subject to personal jurisdiction in this judicial district with respect to this action, and is therefore a resident of this district for purposes of venue.

5. Defendant Jason Seabra is, on information and belief, a citizen of New Jersey.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and Plaintiff and Defendants are citizens of different states.

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1335 because Plaintiff is in possession of property whose value is more than $500, and Defendants are citizens of different states.

**Factual Allegations**

8. Fashionphile is a well-known and respected reseller of previously owned, guaranteed authentic luxury items. Fashionphile has built its reputation in large part due to its exacting, reliable authentication process, as well as its sophisticated transaction process and its dedication to customer service. Fashionphile is the first of its kind, and is currently one of a small handful of companies that provide trusted marketplaces for the resale of high value, guaranteed authentic luxury goods.

9. Fashionphile primarily purchases luxury items from their owners, and then offers them for resale on its website. In addition, Fashionphile sometimes agrees with an owner to offer an item for sale on consignment. Fashionphile has a strict policy against dealing in stolen goods, and takes active steps to avoid questionable transactions.

10. Fashionphile has purchased several previously owned luxury items from Defendant Jason Seabra. In January and February, 2023, Seabra sold to Fashionphile at least 48 items. Fashionphile also agreed to sell one of Seabra's items on consignment, namely a Hermés Matte Alligator Birkin 25 Beton, with a value in excess of $75,000.

11. At the time of the transactions, there were no red flags suggesting anything might be amiss. Aside from the Birkin—which was offered on consignment—Fashionphile paid Seabra for the items it purchased in the ordinary course of business, and posted them for sale. At this time, several of the items Fashionphile purchased from Seabra have been resold, while others remain in Fashionphile's possession.

12. On February 17, 2023, an attorney for MAC contacted Plaintiff's outside counsel by email. MAC's attorney alleged that Seabra had used an MAC credit card to purchase certain items, and then sold them to other resellers, including Fashionphile. MAC's attorney identified two items in particular on Fashionphile's website—the aforementioned Birkin, and a Hermés "Constance" bag—that he alleged Seabra had sold to Fashionphile. He also provided a list purporting to describe other items Seabra had allegedly purchased with the MAC credit card.

13. MAC's attorney requested that Fashionphile refrain from offering any of those items for sale "until legal ownership of the Items can be resolved." In later correspondence, he stated that if MAC was unable to obtain remedies from Mr. Seabra, it would "look to Fashionphile either for the return of Handbag or monetary compensation if the Handbag has been sold."

14. Fashionphile denies that MAC would be entitled to any remedies from Fashionphile. According to the allegations, Seabra did not steal any items from MAC. Rather, the items were allegedly purchased, albeit with a credit card that Seabra was not authorized to use for that purpose.

15. Fashionphile has no knowledge of whether Seabra engaged in any kind of criminal conduct. However, assuming MAC's allegations are true, Fashionphile did not receive stolen property, or otherwise do anything wrong when it entered transactions with Mr. Seabra. Rather, Fashionphile entered each transaction in good faith.

16. While it denies MAC's claim, Fashionphile agreed to remove the Birkin from its website and intends to cancel the agreement to sell that item on consignment. Because MAC and Seabra have conflicting claims to this item, Fashionphile wishes to simply deliver custody of this item to the Court, and allow MAC and Seabra to litigate their claims against each other.

17. In addition, while Fashionphile was investigating MAC's claims, but before it had placed any block on Seabra's account, he sold four additional items to Fashionphile. There was nothing suspicious about those transactions, and Fashionphile has no reason to believe MAC would assert any claim with respect to them. However, Fashionphile disabled payments to Seabra and placed a block on his account in light of MAC's claims.

18. Fashionphile owes the payments (totaling $2,900) on those four transactions, but because MAC has indicated that it has so far been unsuccessful in obtaining payment from Seabra, Fashionphile reasonably fears MAC may make a claim against Fashionphile if any additional funds are paid to Seabra. As such, Fashionphile

wishes to deposit those funds with the Court, and allow MAC and Seabra to litigate their respective claims to the funds.

19. Because Fashionphile may be exposed to double liability with respect to MAC and Seabra's claims, Fashionphile requests that they be required to interplead in this case pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335. Fashionphile will deposit the Birkin and $2,900 into the registry of the court, there to abide the judgment of the court.

20. Finally, because MAC has threatened to sue for recovery of property and/or money, Fashionphile requires a declaration that it has a valid title to all the items purchased from Seabra, and that it owes no obligation to return any of those items to MAC, or to otherwise pay MAC for any loss it claims to have suffered as a result of Seabra's alleged criminal activity.

## FIRST CAUSE OF ACTION

### (for Interpleader)

21. Fashionphile is currently in possession of a Hermés Matte Alligator Birkin 25 Beton with a value in excess of $75,000, which is subject to claims by Seabra and MAC. Fashionphile is also currently in possession of $2,900 which is contractually owed to Seabra, but which Fashionphile is informed and believes to be subject to a claim by MAC.

22. Pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure, Fashionphile seeks an order requiring Seabra and MAC to interplead, and litigate their claims to the Birkin and $2,900, and discharging Fashionphile from liability with respect to their claims.

## SECOND CAUSE OF ACTION

### (for Declaratory Judgment)

23. Fashionphile is currently in possession of several items, which it purchased from Seabra in January and February 2023. MAC has demanded that Fashionphile

refrain from selling some of those items until questions regarding their ownership are resolved.

24. In addition, Fashionphile has already resold certain items which it previously purchased from Seabra in January and February 2023. MAC has indicated that it intends to seek monetary compensation from Fashionphile for items which it purchased and resold in good faith.

25. An actual controversy exists as to whether Fashionphile must deliver any property to MAC or pay money to MAC for the value of property that has already been resold.

26. Pursuant to 28 U.S.C. § 2201, Fashionphile seeks a declaration that it owes no obligation to deliver any items in its possession to MAC, or to compensate MAC for any losses it claims to have suffered as a result of alleged criminal conduct by Seabra.

## PRAYER FOR RELIEF

WHEREFORE, Fashionphile prays for relief as follows:

1. That the Court take custody of the Hermés Matte Alligator Birkin 35 Beton and $2,900 in cash, that Seabra and MAC be made to interplead and litigate their claims with respect to such property, and that Fashionphile be discharged from any claims in relation to that property.

2. That the Court make a declaration that Fashionphile is not obligated to deliver any items in its possession to MAC.

3. That the Court make a declaration that Fashionphile is not obligated to pay MAC any money for losses it claims to have suffered as a result of alleged criminal conduct by Seabra.

4. For costs of suit.

//
//
//
//

5. For such other relief as the Court deems just and proper.

Dated: March 15, 2023

CALL & JENSEN
A Professional Corporation
Samuel G. Brooks

By: */s/Samuel G. Brooks*
Samuel G. Brooks

Attorneys for Fashionphile Group, LLC