# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASHIONPHILE GROUP, LLC,<br>    Plaintiff,<br><br>        v.<br><br>MADISON AVENUE COUTURE,<br>INC., a New York corporation, and<br>JASON SEABRA, an individual,<br>    Defendants.<br><hr>MADISON AVENUE COUTURE,<br>INC., a New York corporation,<br>    Cross-Complainant,<br><br>        v.<br><br>JASON SEABRA, an individual,<br>    Cross-Defendant. | No. 2:23-cv-01937-DSF-PD<br><br>Order Granting Madison Avenue Couture, Inc.'s Motion for Default Judgment (Dkt. 62) |

  Cross-Complainant Madison Avenue Couture, Inc. (MAC) moves for default judgment against Cross-Defendant Jason Seabra. Dkt. 62-1 (Mot.). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion is GRANTED.

## I. BACKGROUND

  Fashionphile Group, LLC (Fashionphile) is a well-known "reseller of previously owned, guaranteed authentic luxury items."

Dkt. 10 (FAC) ¶ 7. It brought this action in interpleader "to obtain a discharge of liability with respect to conflicting claims" by MAC and Seabra for a $75,000 Hermès "Birkin" bag. Id. ¶ 1. It also sought an order determining the ownership of $2,900 in its possession, "which is contractually owed to Seabra, but which Fashionphile [was] informed and believe[d] to be subject to a claim by MAC." Id. ¶ 19. The Court ordered the Clerk of the Court to accept Fashionphile's deposits of the $2,900 and $75,000, which discharged "Fashionphile's liability with respect to the property in question" and its obligation to participate in this action. Dkt. 61; see also Dkt. 44.

"MAC is a web-based retailer of women's high-fashion handbags and other accessories, specializing in new and never worn Hermès handbags." Dkt. 29 (Cross-Compl.) ¶ 3.[1] In or around early 2021, Seabra introduced himself to MAC as an independent contractor who had the necessary contacts to purchase women's accessories, including handbags, from wholesale or retail vendors on behalf of MAC. Id. ¶ 6. Until around November 2022, Seabra used MAC employee's American Express card to make purchases for MAC. Id. ¶ 7. MAC informed Seabra that he was not authorized to make any purchase on a MAC credit card unless the transaction was authorized, in writing and in advance, "as to [the] type of merchandise to be purchased and the maximum purchase prices that were acceptable to MAC." Id. ¶¶ 8-9.

On or around March 25, 2022, MAC advanced Seabra $6,800.00 as a deposit to purchase a special-order handbag from Hermès-Panama (Hermès-Panama Handbag), but Seabra never delivered the handbag to MAC or reimbursed the purchase price. Id. ¶¶ 10-12.

On or around November 14, 2022, Seabra charged $10,385.83 to a MAC credit card as a deposit to purchase a special-order handbag from Hermès-Mexico (Hermès-Mexico Handbag I). Id. ¶ 17. MAC did not authorize the purchase and requested that Seabra either reimburse

---

[1] The paragraph numbers refer to those in MAC's Cross-Complaint, which starts at page 5 of MAC's Amended Answer. See Cross-Compl.

2

MAC or reverse the charge to the MAC credit card, but Seabra has not reimbursed the deposit. Id. ¶¶ 18-20.

On or around November 22, 2022 and November 26, 2022, MAC advanced Seabra $88,000 in two payments and authorized him to purchase handbags for MAC from Hermès-Mexico (Hermès-Mexico Handbag II). Id. ¶¶ 21-22. When MAC received the handbags and other items purchased by Seabra using the $88,000, it determined the value of the items was only $55,400.00. Id. ¶¶ 23-24. MAC confronted Seabra regarding this difference in value, and Seabra promised to repay MAC the $22,600.00 difference. Id. ¶ 25. However, Seabra has failed to pay MAC the $22,600.00. Id. ¶¶ 26-27.

On or around December 8, 2022, "MAC advanced Seabra $28,000.00 toward the purchase of a Kelly/Birkin handbag" (Kelly/Birkin Handbag). Id. ¶ 32. Seabra failed to purchase the handbag and has not reimbursed MAC the $28,000.00 despite MAC's demand to do so. Id. ¶¶ 33-35.

On or around December 2, 2022, Seabra charged $16,436.16 to a MAC credit card for the purchase of various items (Chrome Hearts Purchase). Dkt. 62-2 (Nuremberg Decl.) ¶ 36. MAC did not authorize the purchase and requested that Seabra either reimburse MAC or reverse the charge to the MAC credit card. Id. ¶¶ 38-39. MAC has never received the various items or been reimbursed or refunded the $16,436.16 by Seabra. Id. ¶¶ 40-41.

MAC asserts one claim for fraud against Seabra, seeking recovery for Seabra's alleged unlawful and fraudulent transactions. Id. ¶¶ 1, 66-83.

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, unless the plaintiff's claim is for a sum certain, the plaintiff must apply to the

3

court for entry of default judgment. Fed. R. Civ. P. 55(b)(2). The Court need not make detailed findings of fact in the event of default. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990). On entry of default, well-pleaded allegations in the complaint regarding liability generally are deemed to be admitted. DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007). Allegations as to damages, however, must be proven. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (simplified).

The Court considers the Eitel factors "in exercising discretion as to the entry of a default judgment includ[ing]: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### III. DISCUSSION[2]

#### A.   Prejudice

The Court finds that MAC will suffer prejudice if default judgment is not entered. The only claim remaining in this action is MAC's claim for fraud. Because Seabra has failed to respond to MAC's cross-complaint, MAC would have no other recourse to recover the money owed to it by Seabra absent an entry of default judgment. This factor weighs in favor of default judgment.

---

[2] MAC's Motion for Default Judgment satisfies Local Rule 55-1. See C.D. Cal. R. 55-1. MAC has included a declaration supporting its Motion stating that: (1) default was entered against Seabra on November 7, 2023, for his failure to respond to MAC's cross-complaint; (2) Seabra is not a minor, incompetent person, or person protected by the Servicemembers Civil Relief Act; and (3) notice of the Motion was served on Seabra. See Dkt. 69; see also Dkt. 43.

B.  **Merits and Sufficiency**

The second and third Eitel factors consider the merits and sufficiency of a plaintiff's claims. "These two factors require that the Plaintiff 'state a claim on which [it] may recover.'" Citizens Bus. Bank v. Vessel Bellezza, No. 8:18-cv-02163-JLS-KES, 2020 WL 7064247, at *4 (C.D. Cal. Oct. 27, 2020) (quoting PepsiCo, Inc. v. Cal Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). "Of all the Eitel factors, courts often consider the second and third factors to be the most important." JFeld LLC v. Blanket Lovers, No. 2:20-cv-08804-DSF-PLA, 2021 WL 2302447, at *2 (C.D. Cal. Apr. 29, 2021) (internal quotation marks and citation omitted).

"The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004). The heightened pleading requirements of Federal Rule of Civil Procedure 9(b) "appl[y] where a party moves for default judgment on fraud claims." Empire Fire & Marine Ins. Co. v. Poghosyan, No. 2:23-cv-02403-SPG-MAR, 2024 WL 4403736, at *5 (C.D. Cal. June 27, 2024) (collecting cases).

The Court finds that MAC has sufficiently stated a claim for fraud. MAC's cross-complaint "alleges in particular detail each of the transactions in which Seabra entered under false pretenses, including using MAC's credit cards or other credit instruments without authorization, falsely representing to MAC [his] intentions with respect to the use of credit instruments, as well as concealing unauthorized transactions." Mot. at 14. MAC alleges that Seabra (1) made false representations and concealed information regarding his purchases and "use of MAC's credit cards and other credit instruments"; (2) knew his representations to MAC were false; and (3) intended to deceive MAC by misrepresenting and concealing facts. Cross-Compl. ¶¶ 66-79; see also Mot. at 14. MAC further alleges that, if it had known the concealed facts, it "would have behaved differently, whether by preventing the transactions outrightly or by taking measures necessary to ensure

5

delivery to MAC of any items purchased with funds against the MAC credit card." Cross-Compl. ¶ 80.  Finally, it alleges that Seabra's concealment and misrepresentations caused it harm—the loss of $84,221.99, or the combined value of the transactions.  Id. ¶¶ 81-82; see also Mot. at 15.  MAC has pleaded sufficient facts to prevail on its fraud claim.  This factor weighs in favor of default judgment.

### C. Sum of Money at Stake

When addressing this factor, courts consider "the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176.  MAC seeks $84,221.99, which "corresponds with the charges fraudulently made by Seabra as a result of Seabra's false representations."[3]  Mot. at 15.  The Court finds that the requested award is proportional to the harm caused.  This factor weighs in favor of default judgment.

### D. Possibility of Factual Dispute

After entry of default by the clerk, "the factual allegations of the complaint, except those relating to the amount of damages," are taken as true.  TeleVideo Sys., Inc., 826 F.2d at 917-18 (citations omitted). Here, MAC has adequately alleged a fraud claim against Seabra in its cross-complaint, so there is little possibility of a dispute concerning material facts.  See Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").  This factor weighs in favor of default judgment.

### E. Default Due to Excusable Neglect

The Court must determine whether the defendant's default is a product of excusable neglect.  Eitel, 782 F.2d at 1472.  "This factor

---

[3] "MAC has stated it is not pursuing default judgment as to claims summarized at ¶61 [of its cross-complaint] for which interim credits were received nor for amounts in ¶60 other than those indicated." Mot. at 14 n.6.

6

favors a default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." Zlozower v. Women.com, Inc., No. 2:22-cv-03856-JLS-JC, 2023 WL 3432249, at *4 (C.D. Cal. Mar. 13, 2023) (citing PepsiCo, 238 F. Supp. 2d at 1177). Here, Seabra answered Fashionphile's complaint, see dkt. 28, and was therefore served with MAC's cross-complaint and motion for default judgment via the ECF/NEF system. Mot. at 16; see also Dkts. 36, 62. Counsel for MAC also emailed Seabra on October 4, 2023, to inform him that his answer was due the day before—on October 3—and that MAC would request entry of default unless Seabra filed an answer "without further delay." Dkt. 38-1 ¶ 9. The Court finds that Seabra was aware of this action yet failed to respond to MAC's cross-complaint. This factor weighs in favor of default judgment.

### F.    Policy Favoring Decisions on the Merits

Though the policy favors a resolution on the merits, it is outweighed by the need for prompt resolution. "[T]ermination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo, Inc., 238 F. Supp. 2d at 1177. The preference for resolution on the merits does not preclude entering default judgment when the other Eitel factors favor it, as is the case here. See id.

### G.    Relief Requested

"Allegations regarding damages are not taken as true and must be independently proven." Citizens Bus. Bank, 2020 WL 7064247, at *6. Here, MAC seeks $84,221.99 in damages and $9,594.39 in prejudgment interest. Mot. at 17-18; see also Cross-Compl. at 14-15. MAC has adequately established its claim for $84,221.99 in damages by providing credit card statements reflecting the transactions at issue and communications with Seabra. Mot. at 17. MAC is also entitled to prejudgment interest on its fraud claim. See Cal. Civ. Code § 3288 ("In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury."). "Under California law, prejudgment

7

interest accrues at a rate of 7 percent per annum." Talkdesk, Inc. v. Pham, No. 2:22-cv-05961-MCS-JPR, 2024 WL 4866690, at *13 (C.D. Cal. Aug. 9, 2024), amended on denial of reconsideration, No. 2:22-cv-05961-MCS-JPR, 2025 WL 873010 (C.D. Cal. Jan. 13, 2025). Therefore, the Court finds that MAC is entitled to $9,754.60 in prejudgment interest.[4]

## IV. CONCLUSION

For the reasons stated above, the Court grants MAC's motion for default judgment. The Court orders Seabra to pay MAC $84,221.99 in damages and $9,754.60 in prejudgment interest.

IT IS SO ORDERED.

Date: May 8, 2025

_____
The Honorable Dale S. Fischer
United States District Judge

---

[4] MAC stated that "[c]alculated at a seven percent rate, pre-judgment interest would accrue at a rate of $16.15 per day ($84,221.99 / 365 x .07 = $16.1522)." Mot. at 18. It then multiplied this number by 594—the number of days between September 12, 2023, when MAC filed its cross-complaint, and April 28, 2025. Id. The Court adjusted MAC's calculation to reflect the passage of 604 days from the date MAC filed its cross-complaint to the date the Court issued this Order.